

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

August 24, 2021

DANIEL J. WILLIS

    Plaintiff

4:21-CV-125-D

V

HONORABLE JUDGE RICHARD E. MYERS, II;
HONORABLE JUDGE LOUISE W. FLANAGAN;
HONORABLE JUDGE MALCOLM J. HOWARD
[RETIRED]; DISTRICT COURT JUDGES,
AND P.S. CONNOR, CLERK, U.S. COURT OF
APPEALS, 4TH CIRCUIT, AND/OR THEIR SUCCESSORS

    Defendants

## WRIT OF CONSPIRACY

This is a writ which anciently lay in waiting against the public officials, herein, Honorable Judge Richard E. Myers, II; Honorable Judge Malcolm J. Howard; Honorable Louise W. Flanagan U.S. District Court Judges; and P.S. Connor, Clerk, U.S. Court of Appeals, 4th Circuit, and/or, their successors, who had conspired to injure the pro se plaintiff, under the same circumstances which <u>could</u>, <u>should</u>, and <u>would</u> now give the pro se plaintiff, herein, an action on the case against the public officials [District Court Judges], now being charged. Like all other litigants, pro se plaintiff did comply with court orders and applicable substantive and procedural court rules as to Case # <u>4:20-CV-00203-M</u> and <u>4:20-CV-00230-FL</u>, whose $400.00 filing fee was paid for each, and where this writ of assistance exist to enforce judgment of court directing a <u>pre filing injunction</u> against the pro se plaintiff as to a specific act; since 1990 – 2020, and the court of appellate jurisdiction, <u>would</u>, <u>could</u>, and <u>should</u> direct to the judge or judges of a court of record, requiring them to remit to the appellate court the record [Exhibits of Pre-filing Injunction used in said cases], of an action before them, in which a final judgment will be entered, in order that examination may be made of certain errors alleged to have been committed, and that the judgment may be reversed, corrected, or affirmed, as the Case [4:20-CV-00203-M and 4:20-CV-00230-FL] may require.

## DEFAMATION – AND – LIABLE AND - SLANDEROUS

1. The pro se plaintiff, herein, "is therefore entitled……to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, all internal conflicts in it resolved favorable to him, the most favorable of possible alternative inferences from it drawn in his behalf; and, finally, to be given the benefit of all favorable legal theories invoked by evidence so considered." See, Charbonnages de France v Smith, 597 F 2d 406, 414 (4th Cir 1982), cert denied, U.S. 1035 Ct 2454, 77 L. Ed 2d 1334 (1983); Smith v University of North Carolina, 632 F 2d 316, 338 (4th Cir 1980). Pro se plaintiff therefore, stated the facts in accordance with these principles, "which were not denied out of benevolence but malice." Therefore, no state or federal government may effectively abdicate its responsibilities by either ignoring them or by merely failing to discharge them whatever the motive maybe. See, City of Greensboro v Simkins, 246 F 2d 425 (C A 4th Cir), affirming 149 F Supp 562 (DC Md NC); Tate v Depot of Conservation, 133 Supp 53 [DC Ed Va]. Aff'd, 231 [21] 615 [Ca 4th Cir] which has fallen on deaf ears.

2. In Rosebon v Garrson, 528 F 2d 309 (4th Cir 1975), where the appeals should hold that a District Court must advise a pro se litigant [except the pro se plaintiff, herein] of his rights under the summary judgment rule to file opposing affidavits to defeat a defendant's [or court's] motion, and Congress provided that a violation of pro se plaintiff's Civil Rights could be established by showing [in File No. 4:20-CV-00203-M] and 4:20-CV-00230-FL] either the discriminatory purpose or the discriminatory result of a challenged practice, and where the pro se plaintiff's Civil Rights Act of 1965 abolished tests or devises which were used, then and now, to disfranchise racial minorities, "at-least in theory."

3. Pro se plaintiff respectfully wishes to file an action against Honorable Judge Richard E. Myers, II; Honorable Judge Malcolm J. Howard [retired]; Honorable Judge Louise W. Flanagan, U.S. District Court Judges, for the Eastern Division of North Carolina, and P.S. Connor, Clerk to the U.S. Court of Appeals, 4th Circuit, and/or, their successors, that alleged "CONSPIRACY AND DEFAMATION OF CHARACTER" and which did tend to injure the Pro Se Plaintiff's reputation, to diminish his esteem, respect, goodwill, and/or, confidence in which the pro se plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him, and the unprivileged publication of false statements, from 1997 to 2020, which naturally and proximately resulted in injury to the pro se plaintiff, herein. See, Wolfson v Kirk, Fla App 273 So 2d 774, 776.

4. To recover against the four [4] public officials, [judges – clerk], pro se plaintiff will prove, without a doubt, that the defamatory statements, conducted by the four [4] public officials, herein, were published with malice, which means as used in this context means that it was published either knowing that it was false or with a reckless disregard as to whether it was true or false. See, N.Y. times Co. v Sullivan, 376 U.S. 254, 84 S Ct 710, 11 L Ed 2d 686. As pro se plaintiff will show, hereinafter, the four [4] public officials did use authority manifested by the principal to the agent either expressly, and/or, by implication and was injurious, heedless, unjust, reckless, unfair, and it implies the infringement of pro se plaintiff's right, and may result from disobedience to lawful authority. See, Buhler v Marrujo, 86 N.M. 399, 524 P 2d 1015, 1019.

5. Pro se plaintiff is asking for a sum which would reasonably compensate the pro se plaintiff from 1990 – 2020, for injuries, for pain and suffering, for past, present and future expenses reasonably necessary or incidental to their efforts to alleviate his injuries and in all pecuniary losses suffered, or to be suffered, as result of inability empowering the pro se plaintiff to do some act not forbidden by law, and/or, to regain, as lost property, territory, appetite, health, courage, and/or, in a narrower sense, to be successful and to collect or obtain amount, to have judgment, and to obtain a favorable or final judgment, to obtain in any legal manner in contrast to voluntary payment. See, Olds v General Acc Five and Life Assur Corp, 67 Cal App 2d 812, 155 P 2d 676, 680.

6. Pro se plaintiff alleges that defamation, as it now stands, is that which tends to injure the pro se plaintiff's reputation, and did diminish the esteem, respect, goodwill or confidence in which the pro se plaintiff is held, or to excite adverse, derogatory and unpleasant feelings and opinions against him. Statements which do expose the defendants, herein, to contempt, hatred, ridicule or obloquy. See, McGowen v Prentice, La App 341 So 2d 55, 57. The unprivileged publications of false statements which "naturally and proximately" resulted in injury to the pro se plaintiff. See, Wolfson v Kirk, Fla App 273 So 2d 774, 776. Here, the defendants who conspired altogether in this "civil conspiracy" is a concert or combination to defraud from 1990 – 2020, or cause other injury to the pro se plaintiff, which resulted in damages to the pro se plaintiff. The meaning of a communication is that which the recipient correctly, or mistakenly but reasonably, understands that it was intended to express, See, Restatement, Second, Torts, Seconds 559, 563, and in law of liable and slander such words as naturally implied damage. This tort was committed when a responsible public official has neglected to use a reasonable degree of care, because of pro se plaintiff's race, color and national origin, and protection of the public officials, herein, from such injury as under existing related circumstances should reasonably have been foreseen as a proximate consequence of that negligence. [Pro se plaintiff asks this court to show "evidence" where protection of the public officials was requested].

7. Pro se plaintiff alleges that the public officials, herein, conspired and had a preconceived opinion, a predisposition to decide causes or issues, which were agreed upon by all, in a certain simple way, which does not leave the mind perfectly open to conviction. Whereas, actual bias consisted in the actual existence of the state of minds on the part of the public officials, herein, who satisfies the court, in the exercise of a sound discretion, that the public officials [Judges – Clerk] cannot, and did not, try the issues impartially and without prejudice to the substantial rights of the pro se plaintiff, herein, challenged the judges and clerk who have neglected to use a degree of care.

8. The unfair treatment and denials of normal privileges [as moot] to the pro se plaintiff because of his race, age, sex, nationality or religion, where the failure to treat all persons equally where no reasonable distinction can be found between those favored and those not favored. The essential elements of slander are: (a) a false and defamatory statement[s] concerning another; (b) an unprivileged communication to a third party; "liable" and "slander" are both methods of defamation; the former being expressed by print, writing, pictures, or signs, (c) either actionability of the statement irrespective of harm or the existence of special harm caused by the publication. See, Restatement, Second, Torts Section 558.

9. Libel and slander in itself, such words as written by the public officials [judges – clerk], as charged, such words are deemed slanderous without proof of special damages as charged to the pro se plaintiff, herein. Words which intrinsically, without innuendo, import, and did import injury to the pro se plaintiff, herein, based on race, color, sex and national origin, and are words from which damage, "did," by consent of the public officials generally, flowed as a natural consequence. See, Koerner v Lawler, 180 Kan 318, 304 P 2d 926, 929.

10. The repeat filing of the libel and slanderous utterance is deemed "slanderous per se" when [public officials] publication (a) charges the pro se plaintiff of a crime; (b) imputes some offensive or loathsome disease which could, should, and would tend, and did tend to deprive the pro se plaintiff of society; (c) and did tend to injure the pro se plaintiff in his occupation. See, Munafo v Helfand, D.C. N.Y. 140 F Supp 234, 238. See, Restatement, Second, Torts Section 570.

11. As to the public official's order, dated 2/19/2021, which states that this matter is before the court sua sponte [on its own will]; on April 5, 2002, the Honorable Malcolm J. Howard issued a pr-filing injunction pertaining to this Pro Se Plaintiff, Daniel Johnson Willis, of Trenton, North Carolina, Order, Willis v Town of Trenton, Nos. 4:96-CV-6-H (4), 4:99-CV-116-H (4), 4:01-CV-13-H (4), 4:01-CV-133-H (4), and 4:01-CV-159-H (4) (EDNC Apr 5, 2002). The injunction was in response to the almost forty [40] frivolous lawsuits

filed by Willis up to that point, dating back to 1990 [See, Case # 7:95-MC-17-F, order filed 2/19/2021, order filed 4/4/2002, where Judge Fox dismissed said forty [40] cases]. In this complaint, pro se plaintiff did, or it was his intentions to give notice to the defendants of the factual bases for the allegations, and wherefore, pro se plaintiff filed, and/or, it was his intentions to file notice reasonably calculated to apprise the defendants, herein, of an action, proceeding, or motion. Notice sufficient to permit an objection or defense See, U.S. v San Juan Lumber Co, D.C. Colo 313 F Supp 703, 709, where notice is reasonably calculated, in all circumstances of given proceeding, to apprise all interested public officials in this [Case #4:20-CV-00203-M] action and opportunity to present their objections, where this adequate cause was sufficient cause for this particular purpose. The public officials' disregard of a District Court's Order [Case #7:95-MC-17-F, filed Oct 12, 1995] where the specific order of a United States Court is inexcusable."

12. These Cases #4:20-CV-00203-M and 4:20-CV-00230-FL were dismissed based on [G.P.] General Principal. There is no Town of Trenton or defendant Leggett's name [who is deceased] involved in Case #4:20-CV-00203-M or Case #4:20-CV-00230-FL, therefore, Judge Howard erred as to his "background" [filed Apr 5, 2002], where the court failed to note that since 1990 [See, Case #7:95-MC-17-F filed Oct 12, 1995], Judge Fox, dismissed said case against the pro se plaintiff, because the court was in error in its earlier belief that Mr. Willis had been litigating in forma pauperis, and in so stating in previous orders entered herein. Isn't it strange, no public official [Judge or Clerk] saw things in the same light as Judge Fox saw them, based on race and color [where no African-American had never, ever filed a civil lawsuit against the Town of Trenton or Leggett], and they failed to understand pro se plaintiff has [been filing frivolous lawsuits and appeals [show the evidence] to the Court of Appeals, 4th Circuit, not in fact, been abusing the opportunity to litigate without paying the required filing fee.

13. Pro se plaintiff's actions from 1990 – 2020, never, ever passed Judge Howard's bar, one [1] single iota time in all of his filings, and the Clerk of Court of Appeals went along with him. The impact of the pre-filing injunction against the pro se plaintiff that was likely to serve as deterrents to the pursuit of procedures and practices that would, should, and could have a discriminatory effect on African-Americans and language minorities that did not have legal standing to be implemented. Pro se plaintiff is not an attorney in this state, or any other state, and has never, ever practiced before the bar, who properly cited enforcement actions as "[e]vidence of continued discrimination" in the pre filing injunction order, and for the reasons set forth more specifically therein, which would, could, and should affect a wider range and larger number of changes, relative to objections, submitted to Case Nos. 4:20-CV-00203-M and 4:20-CV-00230-FL for review.

14. Pro se plaintiff uses defamatory per se in respect of words, those which by themselves, and as such without reference to extrinsic proof, injured the reputation, of the body, and soul of the pro se plaintiff, herein, to which they are applied. See, Conrad v Allis –

Chalmers Mfg Co, 228 Mo App 817, 73 S W 2d 438, 446. Where this Equal Access to Justice Act, this 1980 Act entitles certain prevailing pro se parties to recover attorney, expert witness, and court costs [fees], and other expenses, in actions [4:20-CV-00203-M and 4:20-CV-00230-FL] involving the United States, unless the Government Action was substantially justified. See, 5 USCA Section 504 28 USCA Section 2412.

15. Pro se plaintiff took the "personal liberty" guaranteed by Thirteenth [13th] Amendment, U.S. Const., that consists in the power of locomotion without restraint unless by due course of law, except those restraints imposed to prevent commission of threatened crime or in punishment of crime committed, those in punishment of contempt of courts or legislative bodies or render their jurisdiction effectual, and those necessary to enforce the duty citizens owe in defense of the state to protect community against acts of those who by reason of mental infirmity are incapable of self-control. See. Ex Parte Hudgins, [judges – clerk] 86 W Va 526, 103 S E 327, 329.

16. This generic term, embracing all multifarious means which human ingenuity can, and did devise, and which are resorted to by one individual to get advantage over the pro se plaintiff, herein, by false suggestions of pre filing injunctions, 96-2066, filed Mar 17, 1997, 4th Cir, and Apr 5, 2002, and by 7:95-MC-17-F, filed Oct 21, 1997 or by suppression of truth, which included all surprise, trick, cunning, dissembling, and any unfair way by which the pro se plaintiff is cheated, and "bad faith and fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc.

17. This scheme, that relates to the pre filing injunctions, in Case #7:95-MC-17-F, Case # 96-2066, filed Mar 17, 1997, 4th Cir, and Apr 5, 2002, which interfered with judicial machinery performing tasks of impartial adjudication, as by preventing opposing pro se plaintiff from fairly presenting his case or defense. Finding these pre filing injunctions against the pro se plaintiff is justified only by most egregious misconduct directed against the pro se plaintiff, himself, fabrication of evidence by the judges, and clerk, herein, and was supported by clear, unequivocal and convincing evidence, and it consists of conduct so egregious that it undermined the integrity of the judicial process. See, Stone v Stone, Alaska, 647 P 2d 582, 586.

18. Pro se plaintiff is asking the defendants, herein, to pay $50,000,000.00 each, for a total of $200,000,000, and attorney fees, court costs, for a charge fixed by law for services of public officers or for use of a privilege under control of government. See, Fort Smith Gas Co. v Wiseman, 189 Ark 675, 74 S W 2d 789, 790. Here, the mistaken judgment or incorrect belief of using pro se plaintiff as a "guinea pig" to the existence or effect of matters of fact, or a false or mistaken conception or application of the law, and such a mistaken and false conception, and/or, application of the law, herein, to the facts of this

cause as will, and did furnish ground for a view, and/or, review [not cursory] of the proceedings upon a "Writ of Errors, Writ of Conspiracy, and Defamation, Liable and Slanderous," upon the writs. The mistake of law, or false or irregular application of it, by the three judges, and clerk, "knowing that it was false" such as vitiates the proceedings and warrants the reversal of the judgment, where the act involving the departure from truth or accuracy in this mistake, and/or, inaccuracy, as in error in calculation. See, state ex rel, Smith v Smith, 197 Or 96, 252, P 2d 550, 555.

19. This "erroneous assessment" refers, once and for all, to an assessment that do, did, and done that deviated from the law and is therefore invalid, and is a defect that is jurisdictional in its nature, and does not refer to this judgment of this court in fixing the amount of valuation of the pre filing injunction, so alleged, See In re Blatt, 41 N.M. 269, 67 P 2d 293, 301, and one [1] rendered according to course and practice of court, but contrary to law, upon mistaken view, and/or, review [not cursory] of law, or upon erroneous application of legal principles, which do not generally affect others [Whites] when they liable to no other or greater burdens and charges than such as are laid upon others [Whites], and when no different or greater punishment is enforced against Whites for a violation of the laws, and in these Cases # 4:20-CV-00203-M and 4:20-CV-00230-FL an equitable remedy or relief, federal courts with the procedure, and/or, doctrine, also applies to case of federal court's refraining from interfering with decision of federal administrative agency's decision on a late, late and later local matter. See, Allegheny Airlines Inc v Penn Public Utility Comm, D C Pa 319 F Supp 407.

20. Here, the judges, and clerk enforced a pre filing injunction rule against the pro se plaintiff, without benefit, or profit, and without pro se rights, and where the judges and clerk make clear how to take advantage of the laws designed to secure the rights of the pro se plaintiff, and/or, minorities. The judges and clerk cannot get liberation until "they acknowledge what they have done;" an earnest justice plea where the production of a document and offer of the same in evidence as regards to the legal profession.

See, view, and/or, review [not cursory] these proceedings, and attachments, and exhibits appended hereto.

Submitted by,

Darrel J. Willis
Pro Se Litigant
105 Cherry Street
Trenton, N. C. 28585